Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000357
29-NOV-2019
07:51 AM

NO. CAAP-18-0000357

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


STATE OF HAWAI‘I, Plaintiff-Appellee,
v.
ERNEST J. TAVARES, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Case Nos. 1PC131000445, 1PC131000874, 1PC131001281,
1PC141000052, and 1PC151000282)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Ernest J. Tavares (**Tavares**) pled no contest and was convicted, in five separate cases, of offenses including unauthorized possession of confidential personal information, fraudulent use of a credit card, credit card theft, second degree identity theft, third degree identity theft, second degree theft, third degree theft, second degree assault, third degree promoting a dangerous drug, and unlawful use of drug paraphernalia. The cases were consolidated for sentencing. Tavares appeals from each of the judgments of conviction and sentence, all entered by the Circuit Court of the First Circuit[1] on March 6, 2018. He contends that the circuit court erred:

     a.   by denying his motion for disqualification or recusal of the sentencing judge;

     b.   by denying his oral motion for withdrawal of his no contest plea;

     c.   by sentencing him to consecutive terms of imprisonment in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000);

---

[1] The Honorable Todd W. Eddins presided.

      d.   by abusing its discretion in sentencing him to consecutive terms of imprisonment; and

      e.   by denying him effective representation of counsel.

For the reasons explained below, we affirm each of the judgments without prejudice to Tavares's right to seek relief pursuant to Rule 40 of the Hawaiʻi Rules of Penal Procedure (**HRPP**).

## I.

During 2013 Tavares was charged in three separate cases with unauthorized possession of confidential personal information, credit card theft, second degree assault, second degree identity theft, fraudulent use of a credit card, and second degree theft (collectively, the **2013 Cases**). In 2014 Tavares was charged with fraudulent use of a credit card, unauthorized possession of confidential personal information, promoting a dangerous drug in the third degree, and unlawful use of drug paraphernalia (the **2014 Case**). On August 29, 2014, Tavares changed his plea in each of the four cases to no contest. After questioning Tavares on the record and advising him of the potential mandatory minimum terms of incarceration he faced as a repeat offender, the circuit court[2] found that Tavares knowingly, voluntarily, and intelligently changed his pleas to no contest with an understanding of the nature of the charges. The court accepted the no contest pleas and adjudicated Tavares guilty as charged in each case.

Sentencing was set for November 24, 2014. The sentencing hearing was continued to December 15, 2014, and again to January 15, 2015, so that Tavares could try to get admitted to a substance abuse treatment facility. On January 15, 2015, the sentencing hearing was continued because Tavares had filed a complaint with the Office of Disciplinary Counsel.

Meanwhile, on February 24, 2015, Tavares was charged with new counts of unauthorized possession of confidential

---

[2]    The Honorable Shirley M. Kawamura presided.

personal information, third degree identity theft, and third degree theft (the **2015 Case**). On August 6, 2015, Tavares appeared in circuit court[3] for a change of plea in the 2015 Case and sentencing in the 2014 Case and the 2013 Cases. After questioning Tavares on the record and advising him of the potential terms of incarceration he faced, the court found that Tavares freely, voluntarily, and knowingly changed his plea to no-contest with an understanding of the nature of the charges. The court accepted the no contest plea and adjudicated Tavares guilty as charged. Tavares's counsel informed the court that Tavares had been accepted to Sand Island Treatment Center for substance abuse treatment, but he was on a six-month wait list. The court set a combined sentencing date in all of the pending cases for February 8, 2016.

On September 3, 2015, Tavares moved for supervised release into the residential substance abuse rehabilitation program at Sand Island Treatment Center after being informed that a space was available for him. The circuit court granted the motion. Tavares was released from O'ahu Community Correctional Center and reported to Sand Island Treatment Center on September 15, 2015. However, on October 31, 2015, he left the Sand Island Treatment Center without authorization and never returned. Bench warrants were issued in each of the pending cases on November 9, 2015. Tavares was arrested on January 15, 2016.

On December 21, 2017, Tavares's pending circuit court cases were transferred to Judge Todd W. Eddins. On February 12, 2018, Tavares filed a motion to disqualify or recuse Judge Eddins from each of the cases. The motions were heard on March 6, 2018, and were denied. During the same hearing, Judge Eddins determined that Tavares was subject to repeat offender sentencing in the 2014 Case because of a 2004 conviction for second degree sexual assault and attempted second degree sexual assault, but that Tavares was not subject to repeat offender sentencing in the 2013 Cases or in the 2015 Case because the State had not filed

---

[3] The Honorable Dean E. Ochiai presided.

repeat offender motions in those cases. Tavares's public defender then orally moved to withdraw Tavares's no contest pleas. Judge Eddins denied the motion and proceeded with the sentencing phase. After hearing testimony from the deputy prosecuting attorney who handled the sex assault case against Tavares, Judge Eddins found that repeat offender sentencing was applicable. Tavares's public defender then moved to withdraw as counsel. The motion was denied. Tavares gave a presentence allocution. Judge Eddins then imposed the following sentences:

> Case 13-0445: Five years in each of Counts I and II, to run concurrent in all counts and with any other sentence currently being served;
>
> Case 13-0874: Five years to run concurrent with any other sentence currently being served;
>
> Case 13-1281: Ten years in Count I and five years in each of Counts II, III, and IV, to run concurrent in all counts and with any other sentence currently being served;
>
> Case 14-0052: Five years in each of Counts I-VII with a mandatory minimum of one year and eight months as a repeat offender, to run concurrent in all counts and consecutive to the sentences in the 2013 Cases and the 2015 Case; and
>
> Case 15-0282: Five years in each of Counts I and II, and one year in Count III, to run concurrent in all counts and with any other sentence currently being served.

This appeal followed.

## II.

### A. The circuit court did not abuse its discretion in denying Tavares's motion to disqualify or recuse.

A trial court's ruling on a motion to disqualify or recuse is reviewed for abuse of discretion. State v. Ross, 89 Hawai'i 371, 375-76, 974 P.2d 11, 15-16 (1998). Tavares's motion was filed pursuant to Hawaii Revised Statutes (**HRS**) § 601-7 (2016), which provides:

> (a) No person shall sit as a judge in any case in which:
>
> (1) The judge's relative by affinity or consanguinity within the third degree is counsel, or interested either as a plaintiff or defendant, or in the issue of which the judge has, either directly or through such relative, a more than de minimis pecuniary interest; or
>
> (2) The judge has been of counsel or on an appeal from any decision or judgment rendered by the judge;
>
> provided that no interests held by mutual or common funds, the investment or divestment of which are not subject to the direction of the judge, shall be considered pecuniary interests for purposes of this section; and after full disclosure on the record, parties may waive disqualification due to any pecuniary interest.
>
> (b) Whenever a party to any suit, action, or proceeding, civil or criminal, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against the party or in favor of any opposite party to the suit, the judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one affidavit; and no affidavit shall be filed unless accompanied by a certificate of counsel of record that the affidavit is made in good faith. Any judge may disqualify oneself by filing with the clerk of the court of which the judge is a judge a certificate that the judge deems oneself unable for any reason to preside with absolute impartiality in the pending suit or action.

Hawai'i courts apply a two-part analysis in disqualification or recusal cases. First, the court must determine whether the alleged bias is covered by HRS § 601-7. Ross, 89 Hawai'i at 377, 974 P.2d at 17. The statute requires the movant to file an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists[.]" In this case, Tavares failed to file the required affidavit. He concedes that "the specific instances requiring recusal set forth in HRS § 601-7 do not apply" in this case.

Second,

> If the alleged bias falls outside of the provisions of HRS § 601-7, the court may then turn, if appropriate, to the notions of due process described in Brown in conducting the broader inquiry of whether circumstances fairly give rise to an appearance of impropriety and reasonably cast suspicion on the judge's impartiality.

Ross, 89 Hawai'i at 377, 974 P.2d at 17 (cleaned up) (quoting State v. Brown, 70 Haw. 459, 467 n.3, 776 P.2d 1182, 1188 n.3

(1989)).  In <u>Brown</u>, the defendant was charged with criminal contempt of court after she failed to appear for her trial.  The judge who tried Brown's criminal contempt proceeding was the same judge who had charged Brown with contempt.  The Hawai'i Supreme Court stated:

> When criminal contempt is charged, it signifies that the accuser believes the defendant's conduct was contemptuous. A procedure whereby the trial, if any, upon the charge shall be by the judge who lodged it, without a jury, denies the accused due process; it offers a temptation to the judge to forget that proof beyond a reasonable doubt shall be required for conviction.  Due process, in the circumstances, called for a trial before someone other than the accuser.

<u>Brown</u>, 70 Haw. at 467, 776 P.2d at 1187-88 (cleaned up) (citations and footnote omitted).  In this case, Tavares's counsel argued:

> [T]he gist of the basis for the motion is back when -- in the '90s when you were a public defender . . . you represented a defendant by the name of Christopher Aki. Mr. Aki was housed with my client.  They had an adverse relationship.  They had things going on during the time that he was pending trial and after he was convicted.  And my client was told that his attorney knew about the situation, and he feels that based on his relationship with Mr. Aki that he risks you being impartial.  And so we're requesting the recusal.

After hearing additional argument, Judge Eddins stated:

> I have had no contact with the defendant I previously represented 20-plus years ago.  I do not know Mr. Tavares. I do not know who Mr. Aki may or may not have had disagreements with. . . . I don't even know what my former clients are doing, much less who they may or may not have disagreements with 20-plus years ago.

The motion to disqualify was denied.  There is nothing in the record to suggest that Judge Eddins' impartiality might reasonably be questioned.[4]  Judge Eddins did not abuse his discretion in denying Tavares's motion to disqualify or recuse.

---

[4]     Rule 2.11 of the Hawai'i Revised Code of Judicial Conduct (eff. 2014) provides, in relevant part:

> [A]   judge shall disqualify or recuse himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

> (1)   The judge has a personal bias or prejudice for or against a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

**B.    The circuit court did not abuse its discretion in denying Tavares's oral motion to withdraw his no contest plea.**

The denial of a motion to withdraw a plea of no contest prior to the imposition of sentence is reviewed for abuse of discretion.  State v. Krstoth, 138 Hawai'i 268, 273, 378 P.3d 984, 989 (2016).  When a motion to withdraw a plea of no contest is presented before the imposition of sentence, the motion should be granted if the defendant has presented a fair and just reason for the request and the State has not relied upon the guilty plea to its substantial prejudice.  Id. at 274, 378 P.3d at 990.

The Hawai'i Supreme Court has recognized "two fundamental bases of demonstrating 'fair and just reasons' for granting withdrawal of a plea: (1) the defendant did not knowingly, intelligently or voluntarily waive [their] rights;[5] or (2) changed circumstances or new information justify withdrawal of the plea." Krstoth, 138 Hawai'i at 274, 378 P.3d at 990 (footnote added). On appeal Tavares argues the former — that he did not knowingly, intelligently, or voluntarily change his pleas to no contest.  He claims that he pled no contest because he wanted to enter a substance abuse treatment facility and his former defense attorney incorrectly told him that "he could not enter substance abuse treatment at Sand Island Treatment Center if he did not plead to the charges."

> [A] defendant is entitled to withdraw [their] no contest plea before imposition of sentence, premised upon [having not knowingly, intelligently or voluntarily waived their right to trial], where: (1) the defendant has not entered the plea knowingly, intelligently, and voluntarily; (2) there has been no undue delay in moving to withdraw the plea; and (3) the prosecution has not otherwise met its burden of establishing that it relied on the plea to its substantial prejudice.  Absent any of these factors, the trial court may, without abusing its discretion, refuse to permit the defendant to withdraw the plea.

Merino, 81 Hawai'i at 224, 915 P.2d at 698 (cleaned up).  Tavares changed his plea in each of the 2013 Cases and in the 2014 Case

---

5    "[I]f the accused, with full knowledge of the charge against [them] and of [their] rights and the consequences of a plea of guilty or no contest, enters such a plea understandingly and voluntarily, the court may, without abusing its discretion, refuse to permit the defendant to withdraw the plea."  State v. Merino, 81 Hawai'i 198, 224, 915 P.2d 672, 698 (1996) (original brackets omitted).

7

on August 29, 2014. One year later, on August 6, 2015, Tavares changed his plea in the 2015 Case. Tavares entered Sand Island Treatment Center on September 15, 2015, left without authorization on October 31, 2015, and never returned. When Tavares orally moved to withdraw his pleas during his March 6, 2018 sentencing hearing, the circuit court asked:

> THE COURT: Why wasn't there a written motion filed?
>
> [DEFENSE COUNSEL]: Your Honor, it is my belief that defendant thought that you would be recusing yourself and that we wouldn't get to this point.
>
> THE COURT: Sentencing has been pending for four years. Why wasn't . . . there a written motion to withdraw the change of plea filed at some point in these near four years pending sentencing?
>
> . . . .
>
> THE COURT: Your request . . . to orally withdraw Mr. Tavares's pleas is untimely and is denied.

The circuit court did not abuse its discretion in denying Tavares's motion because of undue delay. Merino, 81 Hawai'i at 224, 915 P.2d at 698.

## C. The sentence for consecutive terms of imprisonment did not violate Apprendi.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Tavares concedes that both the United States Supreme Court and the Hawai'i Supreme Court have held that Apprendi does not apply to a consecutive term sentencing determination. Oregon v. Ice, 555 U.S. 160 (2009); State v. Kahapea, 111 Hawai'i 267, 141 P.3d 440 (2006). Tavares's third point of error lacks merit.

## D. The circuit court did not abuse its discretion by sentencing Tavares to consecutive terms of imprisonment.

A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the

judge and a rigid refusal to consider the defendant's contentions. And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment to the litigant.

State v. Barrios, 139 Hawaiʻi 321, 328, 389 P.3d 916, 923 (2016) (citation omitted).

A court has discretion to order multiple terms of imprisonment to run concurrently or consecutively. HRS § 706-668.5(1) (Supp. 2017)[6]. To determine whether to impose concurrent or consecutive terms of imprisonment, the court must consider the factors set forth in HRS § 706-606 (2014), which include:

> (1)  The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)  The need for the sentence imposed:
>
>> (a)  To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
>>
>> (b)  To afford adequate deterrence to criminal conduct;
>>
>> (c)  To protect the public from further crimes of the defendant; and
>>
>> (d)  To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)  The kinds of sentences available; and
>
> (4)  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

"[T]he weight to be given the factors set forth in HRS § 706-606 in imposing sentence is a matter generally left to the discretion of the sentencing court, taking into consideration the circumstances of each case." Barrios, 139 Hawaiʻi at 328, 389 P.3d at 923. A court imposing consecutive rather than concurrent sen-

---

[6]  HRS § 706-668.5(1) states:

(1)  If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.

tences "must state on the record at the time of sentencing the reasons for imposing a consecutive sentence." Id. at 333, 389 P.3d at 928 (underscore omitted). The requirement serves a dual purpose:

> First, reasons identify the facts or circumstances within the range of statutory factors that a court considers important in determining that a consecutive sentence is appropriate. An express statement, which evinces not merely consideration of the factors, but recites the specific circumstances that led the court to impose sentences consecutively in a particular case, provides a meaningful rationale to the defendant, the victim, and the public.
>
> Second, reasons provide the conclusions drawn by the court from consideration of all the facts that pertain to the statutory factors. It is vital, for example, for the defendant to be specifically informed that the court has concluded that [they are] dangerous to the safety of the public, or poses an unacceptable risk of re-offending, or that rehabilitation appears unlikely due to [their] lack of motivation and a failure to demonstrate any interest in treatment, or that the multiplicity of offenses and victims and the impact upon the victims' lives warrant imposition of a consecutive term. Hence, reasons confirm for the defendant, the victim, the public, and the appellate court, that the decision to impose consecutive sentences was deliberate, rational, and fair.

Id. at 335-36, 389 P.3d at 930-31 (quoting State v. Hussein, 122 Hawaiʻi 495, 509-10, 229 P.3d 313, 327-28 (2010)).

After hearing Tavares's presentence allocution, the circuit court gave an extensive explanation for its sentencing decision:

> Okay, so I have reviewed the records and files in this case and reviewed the 706-606 factors. . . .
>
> . . . .
>
> When I look at the nature and circumstances of these offenses, particularly in light of the identity theft and possession of confidential personal information cases, it does suggest to me, as I read the presentence report, a high degree of planning, a high degree of sophistication. It involves deceptive conduct that occurred over a prolonged period of time. There were countless episodes and acts of deceit. There was manipulation and harm to many victims often on a daily basis. There was significant hardship to these victims. Their identities were taken. Their privacy was violated. Their lives were disrupted. The factual context of these crimes was substantially greater, in my view, than is typical for these types of offenses. There was significant economic loss to the victims, and there was actually substantial time loss for those individuals as well.
>
> When I look at the 706-606(1), history and characteristics of the defendant factors, I see an extensive criminal history. I see case 00-2193, a crime of violence, robbery in the second degree, in which a woman was walking

home and Mr. Tavares violently snatched her purse. I see case 01-1360, the attempted sexual assault in the second degree cases and the sexual assault cases that have resulted in triggering the repeat offender sentencing, and I see an individual who served as a baby-sitter and then sexually assaulted several young children. Victims were as young as one and a half years old.

Mr. Tavares received a ten-year term for that case. He received a ten-year term for the robbery in the second degree case. His maximum term expired on November 30th, 2011 after a long history of in-house infractions, and then he was released at the tail end of 2011. Within a short period of time, he was engaged in the criminality that has brought him to sentencing today.

I look at the 706-668.5 statute in determining whether the court shall run sentences consecutively or concurrently, and what that does is it refers me back to the 706-606 factors. I'm cognitive of <u>Barrios</u> and <u>Hussein</u> which are consecutive sentencing cases, and the decision to impose consecutive sentencing must be deliberate, rational, and fair. I take that into consideration. The 706-606 factors, as I've mentioned, suggest an extensive broad-based criminality by Mr. Tavares, not only including financial crimes, identity theft crimes, but sex assaults, robbery, and now, one of the cases, an assault in the second degree case.

I believe and find that Mr. Tavares poses an unacceptable risk of reoffending. Based on his crimes, he's a danger to the safety of the public. He doesn't have respect for the law or for anyone based on the numerous possession of confidential personal information cases as well as his extensive criminality.

When I looked at the traditional cornerstones of sentencing embodied in 706-606, subsection (2), when we look at sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the law, the retributive goals of sentencing are served, in my view, by a consecutive term of imprisonment. A period of incarceration of that type of nature, of a consecutive type, pursuant to 706-668.5, would satisfy the retributive goals and 706-606, subsection (2), in my view. Also, I find that to afford adequate deterrence to criminal conduct -- and that's looking forward, it's forward-looking aim -- of future crime reduction or prevention, a consecutive sentence satisfies that prong. A consecutive sentence also satisfies the prong of protecting the public from further crimes of this defendant. In other words, that's the incapacitation prong to the traditional aims of sentencing.

When we look at subsection (d), to provide the defendant with needed educational or vocational training, clearly he wasn't subject to a probation term. So when we have talked over these past four years about getting into programs, in my view, that was just simply kicking the can down the road because he was facing an indeterminate term of incarceration based on being a repeat offender. He can receive adequate educational/vocational training within the confines of our prison system. And, in fact, he was receiving treatment at one point at Kulani until there were infractions incurred.

I look at the kinds of sentences available. I look to the need to avoid unwarranted disparities in sentencing

defendants of similar records. I think I'd be hard-pressed to find an individual with a similar record of Mr. Tavares.

I look at the presentence reports and especially focusing on Ms. Vincent's case in 14-52 where a individual named Thomas Marino in Attachment C to the presentence report basically says that by virtue of Mr. Tavares's actions, his credit was affected. His life became, quote, a train wreck. Mr. Tavares opened various accounts in his name, applied for personal loans, even attempted to refinance a condo on Mr. Marino's good name. His credit was affected.

Ryan Stevenson is also involved in 14-52. Mr. Stevenson is involved in Count 6. Mr. Marino was referenced in Count 5 as far as the unauthorized possession of confidential personal information in 14-52. Mr. Stevenson indicated that his dream vacation to Hawaii was ruined. He saved for years to come to Hawaii. His wallet, his phone, his Christmas gifts were stolen. It was a living nightmare for Mr. Stevenson. He had to prepare over 300 documents relating to canceling his accounts as a result of Mr. Tavares's actions. His credit was ruined.

There is also another individual involved in case 14-52, Mr. Ortiz. He was also from Georgia. His vacation was also ruined. That is just 14-52.

15-282 was a case also involving Mr. Marino's credit card. In fact, in particular, was a Barclays Bank of Delaware card in which various transactions occurred with respect to Mr. Marino. Mr. Tavares was apprehended in 14-52 while at Home Depot with one of the credit cards, and then subsequently, there was a indication that the names of these three individuals, Mr. Marino, Mr. Stevenson, and Mr. Ortiz, were having their mail delivered to an Olokele Avenue address, and this is where numerous items were found.

There is a utter lack of respect for the law that Mr. Tavares has evinced over the course of his lifetime really. After he served his ten-year term of imprisonment, he engaged in these acts of criminality very soon after. The seriousness of what occurred at least to Mr. Marino and Mr. Stevenson is huge. Their lives were totally disrupted by the actions of Mr. Tavares.

[The circuit court imposes sentences in the 2013 Cases and in the 2015 Case.]

All of the terms of imprisonment I just referenced, specifically, 13-445, 13-874, 13-1281, and 15-282, will run concurrent with each other, and the counts within each of those cases will run concurrent with each other.

Case 14-52, this is the case in which, in Count 5, Mr. Marino had his confidential personal information hijacked by Mr. Tavares. Based on my aforementioned remarks with respect to the 706-606 factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the consecutive sentencing case law, 706-668.5, I believe I stated my reasons as to the wisdom of imposing consecutive sentence. In Count 5 of 14-52, that count, as well as Counts 1, 2, 5, 7, and Counts 3 and 4 -- those are all five-year terms -- each of those will run consecutive --

THE DEFENDANT:  Holy shit.

THE COURT:  -- to 15-282, 13-1281, 13-874, and 13-445.

Count 5, the case involving Mr. Marino in which his life was a train wreck, I find that if I had simply ran Count 5 concurrent with each of those other cases, it would not reflect the traditional aims of sentencing.  It would not reflect the 706-606 factors as I have detailed, and it would not reflect the history and characteristics of Mr. Tavares.  It would not provide just punishment.  In effect, it would be no sentence whatsoever.  Mr. Marino deserves justice in this case, and he will get it through the consecutive sentencing in his count with respect to the other matters.

With respect to Count 6 in case 14-52 -- and let me just step back so that it's clear.  In case 14-52, the court has found that in Counts 1, 2, 5, 7, 3, and 4, those counts are running consecutive to the other cases, which leaves Count 6.  And in Count 5 with Mr. Marino, that does have a one-year, eight-month mandatory minimum.  Count 6 involves Mr. Stevenson, and Mr. Stevenson was in a similar situation as Mr. Marino.  And I've talked about Mr. Stevenson's situation.  I considered running Mr. Stevenson's case also consecutive, in other words, doing two consecutive terms in this case.  I'm not going to do that.  Mr. Stevenson also deserves justice, just like Mr. Marino, and justice will be served by having Count 6 also run consecutive to 13-1281, 13-874, 13-445 and 15-282.  And I have singled out Counts 5 and 6, but they all go hand in hand in case 14-52.  Counts 5 and 6 struck me particularly based on the victims' -- the impact of the victims in this case.

So case 14-52, the five-year terms of imprisonment will run concurrently with themselves, but they will run consecutively to 15-282, 13-1281, 13-874, and 13-445.  And again, it is based on the 706-606 factors that I detailed in my initial remarks, including, of course, the history and characteristics of this defendant and the nature of the offenses in addition to the traditional cornerstones and aims of sentencing.

(Underscoring added.)  We hold that the circuit court did not abuse its discretion in imposing consecutive terms of imprisonment, and that in doing so the circuit court complied with the procedural requirements of <u>Barrios</u> and <u>Hussein</u>.[7]

---

[7]  We recognize that the circuit court did not mention specific facts pertaining to counts 3 and 4 in the 2014 Case (third degree promoting a dangerous drug and unlawful use of drug paraphernalia) but the omission, if it was error, was harmless because Tavares's total term of imprisonment (ten years) would have been the same even if the sentence for counts 3 and 4 in the 2014 Case were to run concurrently with the sentences in the 2013 Cases and the 2015 Case.  <u>See</u> <u>United States v. Henry</u>, 325 F.3d 93, 102 (2d Cir. 2003) (concluding that imposition of sentence 31 months above statutory maximum was harmless error because defendant's total term of imprisonment would have been the same even absent the error); <u>see also</u> HRPP Rule 52(a) (eff. 1977) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

E.  **We decline to address Tavares's claim of**
     **ineffective assistance of counsel.**

Tavares contends that he was deprived of his constitutional right to effective assistance of counsel, but he did not seek relief from the circuit court under HRPP Rule 40. Although we may entertain ineffective assistance of counsel claims for the first time on appeal, State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592 (1993), HRPP Rule 40(f) (eff. 2006) requires that written notice of a petition seeking relief based on ineffective assistance of counsel be served "upon the counsel whose assistance is alleged to have been ineffective and said counsel shall have an opportunity to be heard." The record does not indicate that counsel whom Tavares claims was ineffective were served with any documents in this appeal.

## III.

Based upon the foregoing, we affirm each of the judgments of conviction and sentence entered by the Circuit Court of the First Circuit on March 6, 2018, without prejudice to Tavares's right to seek relief pursuant to Rule 40 of the Hawaiʻi Rules of Penal Procedure.

DATED:  Honolulu, Hawaiʻi, November 29, 2019.

On the briefs:

Randall K. Hironaka,
for Defendant-Appellant.

Dwight K. Nadamoto,
Chad Kumagai,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

14